503 So.2d 447 (1987)
Bobby BROWN, Individually, Darlene Brown, As Guardian of the Property of Bobby Brown and Darlene Brown, Individually, Appellants,
v.
Norman SNELLGROVE, Appellee.
No. 86-1259.
District Court of Appeal of Florida, Second District.
March 4, 1987.
Rehearing Denied March 26, 1987.
Barry S. Caskey, Bennie Lazzara, Jr. and Edward Michael Gillick of Bennie Lazzara, Jr., P.A., Tampa, for appellants.
Danell G. DeBerg and Kimberly Swoyer Brush of Prugh & Associates, P.A., Tampa, and Joseph G. Hern, Jr. of Wendel & Chritton, Lakeland, for appellee.
CAMPBELL, Acting Chief Judge.
Appellants filed a complaint in the trial court to recover for injuries appellant Bobby Brown sustained when he was thrown from a pickup truck while working on a strawberry farm for one Rodney Johnson. Appellants alleged that Brown was injured as a result of Johnson's negligence and that Johnson and appellee were joint venturers in the farming operation and, therefore, jointly liable for Johnson's negligence and Brown's resulting injuries. Appellee answered and served affirmative defenses and a motion for summary judgment. In support of his motion for summary judgment, appellee filed his affidavit and deposition and a deposition of Johnson.
The affidavit and depositions established that Johnson leased the twenty-acre farm from appellee under the terms of a written lease. Johnson had obtained financing for the farm operation from Farmers Home Administration. Appellee was in no way obligated for the funds obtained from Farmers Home Administration. The "Cash Farm Lease" Johnson and appellee executed was on a form furnished by Farmers Home Administration. The agreement provided for Johnson to pay rental to appellee in the amount of one-third of net profits from the farming operation.
The agreement further specified that no partnership between the parties was created and that neither was responsible for the debts, liability, accidents or damages caused by the other party. The depositions of both Johnson and appellee establish that appellee was not obligated for any losses that Johnson might incur in the farming operation. The lease agreement provides that Johnson was responsible for all expenses except for appellee's maintenance of fences, payment of his real property taxes and insurance on the existing buildings. The depositions further establish that appellee had no right to control Johnson's farming operation.
While appellants submitted opposing affidavits, they in no way refute appellee's supporting affidavit and depositions on the issue of appellee's right of control or his obligation for any losses incurred in the farming operation by Johnson. The strawberries from the farm were marketed in flats with the name "RODNEY JOHNSON FARM" imprinted on the sides of each flat.
In Kislak v. Kreedian, 95 So.2d 510 (Fla. 1957), the supreme court set forth five *448 elements necessary to establish a joint venture. Two of those elements, joint control or right of control and a duty to share in losses, have been conclusively shown to be nonexistent in this case. Appellee has thus carried his initial burden as the moving party for summary judgment. The burden then shifted to appellants to demonstrate the existence of an issue of law or fact in regard to those critical elements. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Appellants have not met their resulting burden. We, therefore, affirm the summary judgment for appellee.
HALL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.